TIMOTHY S. LAFFREDI (WI Bar No. 1055133)
Assistant United States Trustee
LYNETTE C. KELLY (CA Bar No. 120799)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First Street, Room 268
San Jose, California 95113
Tel.: (408) 535-5525
Fax: (408) 535-5532
Email: Lynette.C.Kelly@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

In re

**SHERRY MARIE MCWOODSON-JOHNSON,**

Debtor.

Case No. 17-41310 RLE

Chapter 7

Date: October 10, 2018
Time: 2:00 p.m.
Ctrm: Courtroom 201
     Hon. Roger L. Efremsky
     1300 Clay Street
     Oakland, CA 94612

## UNITED STATES TRUSTEE'S MOTION FOR DENIAL OF DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727(a)(8)

PLEASE TAKE NOTICE that, at the date and time specified above, at the United States Bankruptcy Court, Courtroom 201, 1300 Clay Street, Oakland, California, the United States Trustee for Region 17, Tracy Hope Davis (the "UST") will, and hereby does, move the Court to deny the above-captioned debtor's discharge. Opposition must be filed and served in accordance with B.L.R. 9014-1.

This motion is made pursuant to 11 U.S.C. § 727(a)(8) on the grounds that the above-captioned debtor (the "Debtor") is not entitled to a discharge because the Debtor received a bankruptcy discharge in a case commenced within eight years before the filing of the petition in the above-captioned case,

UST'S MOTION FOR DENIAL OF DISCHARGE OF DEBTORS UNDER 11 U.S.C. § 727(a)(8) -1-
Case: 17-41310 Doc# 86 Filed: 09/10/18 Entered: 09/10/18 15:49:48 Page 1 of 4

which is prohibited pursuant to Section 727(a)(8) of the Bankruptcy Code. The UST requests that the Court take judicial notice of the files and records in this case and in the case entitled *In re Sherry Marie McWoodson, Case No. 11-47284 WJL*, Northern District of California, Oakland Division. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. The declaration of Patricia M. Vargas in support of this motion (the "Vargas Decl.") is filed concurrently herewith.

I. **DISCUSSION**

The Debtor filed a Chapter 11 case entitled *Sherry M. McWoodson, Case No. 11-47284 WJL*, on July 8, 2011 that was converted to Chapter 7 on February 15, 2012. The Debtor received a Chapter 7 discharge on January 18, 2013. *See* Vargas Decl., Exhibit 2. On May 17, 2017, the Debtor filed the above-captioned case, seeking relief under Chapter 11. On November 15, 2017 the case was converted to Chapter 7.

The Meeting of Creditors for the chapter 7 case was set for December 13. 2017, at 10:00 A.M. ECF No. 44, pg. 2. The original deadline to object to the Debtor's discharge was February 12, 2018. *Id*. On February 12, 2018, the Court entered an Order Authorizing the Extension of the Deadline Under Bankruptcy Rule 4004(a) to File Complaint to Deny Discharge on behalf of the Chapter 7 Trustee and the UST, extending the deadline to May 17, 2018. ECF No. 58. On May 15, 2018, the Chapter 7 Trustee filed a motion requesting, *inter alia*, a further extension of time for the Chapter 7 Trustee and the UST to object to Debtor's discharge. ECF No. 66. On June 21, 2018 the Court entered an Order Granting Motion to Extend Time to Object to Debtor's Discharge on behalf of the Chapter 7 Trustee and the UST extending the Deadline from May 17, 2018 to and including ninety (90) days from the date of entry of the Order. ECF No. 84. Pursuant to the Order, the current deadline for objecting to the Debtor's discharge is September 19, 2018. *Id.* Therefore, this Motion is timely.

The social security numbers used by the Debtor in both cases are the same: XXX-XX-4407. Due to privacy concerns, only the last four digits of the social security number are shown; however,

UST'S MOTION FOR DENIAL OF DISCHARGE OF DEBTORS UNDER 11 U.S.C. § 727(a)(8) -2-
Case: 17-41310 Doc# 86 Filed: 09/10/18 Entered: 09/10/18 15:49:48 Page 2 of 4

the UST has reviewed the Statement of Social Security Number filed in both cases which show the complete social security number of the Debtor, and the full social security number shown for both cases are identical. Vargas Decl., ¶ 5.

### A. The Debtor's discharge should be denied pursuant to section 727(a)(8)

An action seeking to deny a debtor's discharge pursuant to Section 727(a)(8) or (a)(9) is commenced by motion, rather than by an adversary proceeding. Fed.R.Bank.P. 7001(4); Fed.R.Bank.P. 4004(d) (". . . an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f) is commenced by motion and governed by Rule 9014.").

Conversion of a case does not alter the dates of commencement or filing. While conversion constitutes an order for relief being entered under the chapter to which the case is converted, conversion "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348. Thus, the eight year bar under Section 727(a)(8) is measured between the commencement of the first case and the initial filing date of the subsequent case.

Because this case was filed within eight years of the date of the commencement of a prior case in which the Debtor received a discharge, the Debtor is not entitled to a discharge in this case pursuant to 11 U.S.C. §727(a)(8). Even though the Debtor filed a Chapter 11 case which was converted to a case under Chapter 7, the date of the filing of the petition does not change. 11 U.S.C. § 348(a) The filing of the Debtor's Chapter 11 case on May 17, 2017 falls within the eight-year ban from obtaining another discharge. Therefore, the Debtor's discharge should be denied in this case.

///

///

///

///

///

## CONCLUSION

Accordingly, the United States Trustee requests that the Debtor's discharge be denied, and that the Court grant such other relief as it may deem just and proper in the circumstances.

TRACY HOPE DAVIS
United States Trustee

Dated: September 10, 2018

By: */s/ Lynette C. Kelly*
Lynette C. Kelly
Attorney for United States Trustee